1
2
3
4
5
6
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
7
AT SEATTLE

8  | SCOTT P LESHOWITZ,
9  |                                   Plaintiff,          CASE NO. C16-1557RSM-BAT
10 |         v.                                            **ORDER DIRECTING SERVICE BY FIRST-CLASS MAIL AND PROCEDURES**
11 | SUE COLLINS, et al.,
12 |                                   Defendants.

13     The Court, having reviewed plaintiff's amended complaint (Dkt. 21), the Report and

14 Recommendation of the Honorable Brian A. Tsuchida, United States Magistrate Judge, and the

15 remaining record, does hereby find and **ORDER**:

16     (1)     The Court adopts the Report and Recommendation.

17     (2)     Plaintiff's claims against Sue Collins, Mark Bergquist, Sergeant Wilmoth, and

18             any other named or unnamed defendants in this matter are **DISMISSED without**

19             **prejudice** for failure to state a claim on which relief can be granted under 28 U.S.C.

20             § 1915(e)(2)(B)(ii).  With the exception of the excessive force claim discussed in

21             the Report and Recommendation, plaintiff's claims against Michael Bisson are

22             also **DISMISSED without prejudice** for failure to state a claim on which relief can

23             be granted under 28 U.S.C. § 1915(e)(2)(B)(ii).

       (3)     Plaintiff is directed to submit a concise statement explaining to the Court and to

ORDER DIRECTING SERVICE BY FIRST-
CLASS MAIL AND PROCEDURES - 1

defendant the specific request for relief plaintiff he seeks **no later than fourteen (14) days from the date of entry of this Order**.

    (4)   <u>Service by Clerk</u>

The Clerk is directed to send the following to defendant Michael Bisson ("defendant") by first class mail: a copy of plaintiff's amended complaint and attachments, the Report and Recommendation and this Order, two copies of the Notice of Lawsuit and Request for Waiver of Service of Summons, a Waiver of Service of Summons, and a return envelope, postage prepaid, addressed to the Clerk's office.

The Clerk shall also send a courtesy copy of this Order to the Washington State Attorney General's Office, by first-class mail.

    (5)   <u>Response Required</u>

Defendant shall have **30 days** within which to return the enclosed waiver of service of summons.  If defendant timely returns the signed waiver, defendant shall have **60 days** after the date designated on the notice of lawsuit to file and serve an answer to the complaint or a motion permitted under Rule 12 of the Federal Rules of Civil Procedure.

If defendant fails to timely return the signed waiver, defendant will be personally served with a summons and complaint, and may be required to pay the full costs of such service, pursuant to Rule 4(d)(2).  A defendant who has been personally served shall file an answer or motion permitted under Rule 12 within **30 days** after service.

**Defendant MUST serve a *Rand* notice concurrently with any motions to dismiss based on a failure to exhaust and motions for summary judgment so that *pro se* prisoner plaintiffs will have fair, timely and adequate notice of what is required of them in order to**

ORDER DIRECTING SERVICE BY FIRST-
CLASS MAIL AND PROCEDURES - 2

oppose those motions. ***Woods v. Carey*, 684 F.3d 934 (9th Cir. 2012).** The Ninth Circuit set

forth model language for such notices:

> A motion for summary judgment under Rule 56 of the Federal
> Rules of Civil Procedure will, if granted, end your case.

> Rule 56 tells you what you must do in order to oppose a motion for
> summary judgment. Generally, summary judgment must be
> granted when there is no genuine issue of material fact – that is, if
> there is no real dispute about any fact that would affect the result
> of your case, the party who asked for summary judgment is entitled
> to judgment as a matter of law, which will end your case. When a
> party you are suing makes a motion for summary judgment that is
> properly supported by declarations (or other sworn testimony), you
> cannot simply rely on what your complaint says. Instead, **you
> must set out specific facts in declarations, depositions, answers
> to interrogatories, or authenticated documents, as provided in
> Rule 56(e), that contradict the facts shown in the defendant's
> declarations and documents and show that there is a genuine
> issue of material fact for trial. If you do not submit your own
> evidence in opposition, summary judgment, if appropriate,
> may be entered against you. If summary judgment is granted,
> your case will be dismissed and there will be no trial.**

*Rand v. Rowland*, 154 F.3d 952, 962-63 (9th Cir. 1998) (emphasis added).

**Defendants who do not file and serve, in a separate document, the required *Rand***

**notice will face (a) immediate denial of their motions with leave to refile and (b) possible**

**monetary sanctions.**

    (6)   <u>Filing and Service by Parties Generally</u>

All attorneys admitted to practice before this Court are required to file documents

electronically via the Court's CM/ECF system. All non-attorneys, such as *pro se* parties and/or

prisoners, may continue to file a paper original with the Clerk. All filings, whether filed

electronically or in traditional paper format, must indicate in the upper right hand corner the

name of the Magistrate Judge to whom the document is directed.

When an electronic filing exceeds 50 pages in length, a paper copy of the document (with

ORDER DIRECTING SERVICE BY FIRST-
CLASS MAIL AND PROCEDURES - 3

1    tabs or other organizing aids as necessary) shall be delivered to the Clerk's Office for chambers.

2    The chambers copy must be clearly marked with the words "Courtesy Copy of Electronic Filing

3    for Chambers."  A party filing a paper original does not need to file a chambers copy.

4         Additionally, any document filed with the Court must be accompanied by proof that it

5    has been served upon all parties that have entered a notice of appearance in this case.

6         (7)   Motions

7         Regarding the filing of motions before the Court, the parties are directed to review Local

8    Rule CR 7 in its entirety.  A few important points are highlighted below:

9         Any request for court action shall be set forth in a motion, properly filed and served.

10   Pursuant to Local Rule CR 7(b), any argument being offered in support of a motion shall be

11   submitted as a part of the motion itself and not in a separate document.  **The motion shall**

12   **include in its caption (immediately below the title of the motion) a designation of the date**

13   **the motion is to be noted for consideration upon the court's motion calendar.**

14        **In all instances where one of the parties to a lawsuit is incarcerated, all categories of**

15   **non-dispositive motions not listed in Local Rule CR 7(d)(1) must be noted for the third**

16   **Friday after the date of filing and service**.  *See* Local Rule CR 7(d)(2).

17        All dispositive motions shall be noted for consideration no earlier than the fourth Friday

18   following filing and service of the motion.

19        (8)   Direct Communications with District Judge or Magistrate Judge

20        No direct communication is to take place with the District Judge or Magistrate Judge with

21   regard to this case.  **All relevant information and papers are to be directed to the Clerk.**

22        (9)   The Clerk is directed to send a copy of this Order and the General Order to plaintiff

23             and a copy of this Order to the Hon. Ricardo S. Martinez.

ORDER DIRECTING SERVICE BY FIRST-
CLASS MAIL AND PROCEDURES - 4

DATED this 20 day of March 2017.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER DIRECTING SERVICE BY FIRST-
CLASS MAIL AND PROCEDURES - 5